# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION (BOSTON)

| | |
|---|---|
| **LOUIS VASQUEZ,**<br><br>    **Plaintiff,**<br>v.<br><br>**AMALGAMATED LIFE INSURANCE COMPANY,**<br><br>    **Defendant.** | **Civil Action No. _____**<br><br>**COMPLAINT**<br>(Jury Trial Requested) |

## INTRODUCTION

1. The headings contained in this Complaint are intended only to assist in reviewing the statements and allegations contained herein. To avoid unnecessary repetition in each section, Plaintiff hereby affirms and incorporates each paragraph in each section of this complaint as though fully set forth therein.

2. The factual allegations found in this complaint are not exhaustive and are presented throughout this complaint so as to provide Defendant with the requisite notice of the basis for Plaintiff's allegations.

## PARTIES

3. Plaintiff Louis Vasquez ("Mr. Vasquez") is a citizen and resident of Bristol County, Massachusetts.

4. Defendant Amalgamated Life Insurance Company ("ALIC") is a foreign insurance company organized and existing under the laws of the State of New York. ALIC's headquarters and statutory home office is located at 333 Westchester Avenue, White Plains, New York 0604.

5. ALIC does business in the Commonwealth of Massachusetts, including Bristol

County, as an admitted insurance company: NAIC Number 60216.

## JURISDICTION & VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), as there is complete diversity of the parties and Mr. Vasquez's damages exceed Seventy-Five-Thousand Dollars ($75,000.00), exclusive of interest and costs.

7. Pursuant to 28 U.S.C. § 1332(b)(2), and Local Civil Rule 3.01(A)(1), venue is proper in the Eastern Division (Boston) of the United States District Court for the District of Massachusetts because a substantial part of the events and omissions giving rise to Mr. Vasquez's claims occurred in Bristol County, Massachusetts.

## GENERAL FACTUAL ALLEGATIONS

8. In 2017, Mr. Vasquez applied and was approved for a disability insurance policy insured by ALIC.

9. The policy provides Mr. Vasquez a monthly benefit in the event he is "Totally Disabled"—defined as:

> …You are under the Regular Care and Attendance of a Physician and that for the first 24 months of Total Disability, You are unable to perform the Material and Substantial Duties of Your Own Occupation due to Sickness or Injury; and You are not engaged in any other occupation. After 24 months of disability, (if applicable), You are unable to perform the Material and Substantial Duties of any occupation for which You are reasonably qualified by education, training, or experience; and You are not engaged in any other occupation. If you are unemployed when You become Totally Disabled, We will pay the Monthly Disability Benefit Amount as long as you are under the Regular care and Attendance of a Physician and unable to perform the Material and Substantial Duties of any occupation for which you are reasonably qualified by education, training, or experience.

10. Beginning in May 2019, Mr. Vasquez was no longer able to perform the material

and substantial duties of his occupation and, due to his disabling conditions, applied for the policy monthly disability benefits.

11. ALIC agreed Mr. Vasquez satisfied the policy terms and began providing him with the policy monthly disability benefits.

12. However, by letter dated August 11, 2022, despite previously informing him he satisfied the policy terms to receive the policy monthly disability benefits through July 10, 2022, ALIC stated Mr. Vasquez's "disability cannot be extended beyond May 8, 2022."

> We completed our review of your claim to extend your disability under the Disability Income Insurance Policy Although, we had previously provided you with information that we extended your disability to 07/10/22, we subsequently determined your disability cannot be extended beyond May 8, 2022…

13. Mr. Vasquez appealed ALIC's decision and provided them a letter stating in relevant part as follows:

> I am requesting the appeal of your company's decision to end my benefits.
>
> On November 2nd, 2022 I got a knee replacement related to this claim. Since the operation I have been in therapy and in the near future I am not going to be able to work per my Orthopedic, Dr Berenson of 721 Main St, Melrose Ma. Presently I am doing therapy 3 times per week and am on pain killers as needed for pain.
>
> Please be advised that the benefits that you are depriving me of should be reinstated forthwith. I have had my doctor fax all applicable medical notes to no avail.
>
> Please respond quickly as bills are piling up ...

14. ALIC delayed processing Mr. Vasquez's appeal.

15. Instead, over four (4) months after he submitted his appeal, ALIC required Mr. Vasquez to attend an Independent Medical Exam ("IME") before it would render a decision.

> Therefore, at this time, we are closing this appeal pending the completion of your IME review and the results. Once the IME review is complete, then your case will be reviewed, and you will be notified of the outcome.

16. On June 21, 2023, ALIC finally issued a decision regarding Mr. Vasquez's appeal—finding Mr. Vasquez was entitled to the policy monthly disability benefits from May 9, 2022 through May 31, 2023.

17. However, without justification or any explanation, ALIC denied Mr. Vazquez any additional policy monthly disability benefits beyond May 31, 2023. The extent of ALIC's decision was limited to:

> We have completed our review of your claim for disability benefits under the Voluntary Disability Income Insurance Policy. Based on your Functional Capacity Evaluation we are unable to extend your Total Disability beyond 05/31/23. Therefore, your Total Disability benefit has been approved for period from 05/09/22 through 05/31/23.
>
> - Maximum Disability Benefit has been approved through 05/31/23.
>
> If you have questions about your claim or this process, please call our Customer Service Center at 1-866-975-4090, (Monday- Thursday 8:00AM - 8:00PM EST, Friday 8:00AM - 6:00PM EST, and Saturday 9:00 AM • 2:00PM. EST). Please have your claim number and your ID or social security number available when you call.

18. Mr. Vasquez again appealed ALIC's decision.

19. By letter dated October 24, 2023, ALIC advised Mr. Vasquez it was upholding the prior decision.

20. As with its June 21, 2023 letter, ALIC offered no rationale or discussion of its investigation. Instead, ALIC offered the following conclusory statement:

> The Disability Appeals Committee determined that due to the Functional Capacity Evaluation (FCE) conducted on

> May 03, 2023, it was determined that you are considered
> no longer disabled and could work in another capacity
> versus your original one. Maximum disability benefits
> have been issued after the FCE through May 31, 2023.
>
> Therefore, due to the determination of the FCE, your
> request for disability benefits to be reinstated upon
> appeal, the denial has been upheld.

21. On March 28, 2024, consistent with Massachusetts Law ("M.G.L.") c. 93A §9, Mr. Vasquez provided ALIC with a written demand for relief, identifying himself as the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered.

22. In relevant part, Mr. Vasquez identified the following unfair and/or deceptive acts he was relying upon:

- Failing to conduct a reasonable investigation into Mr. Vasquez's claim for the policy monthly benefits.

- Failing to ensure claims and appeals personnel receive appropriate training and education to make disability determinations.

- Failing to explain its change in position regarding Mr. Vasquez's ability to perform his "own occupation" or "any occupation."

- Failing to discuss or even address the supportive opinions of Mr. Vasquez's treating physicians.

- Unreasonably delaying any decision on Mr. Vasquez's appeal for six (6) months.

- Failing to issue prompt payment.

- Failing to have reasonable settlement discussions.

- Placing its own financial interests ahead of Mr. Vasquez.

- Acting negligently with regard to Mr. Vasquez's claim for the policy monthly benefits.

*See* **Exhibit A**.

23. Additionally, Mr. Vasquez stated that ALIC's conduct violated M.G.L. c. 176D by, *inter alia*:

- Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;

- Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

- Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

- Refusing to pay claims without conducting a reasonable investigation based upon all available information;

- Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;

- Failing to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;

- Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds;

- Attempting to settle a claim for less than the amount to which a reasonable man would have believed he was entitled by reference to written or printed advertising material accompanying or made part of an application;

- Attempting to settle claims on the basis of an application which was altered without notice to, or knowledge or consent of the insured;

- Making claims payments to insured or beneficiaries not accompanied by a statement setting forth the coverage under which payments are being made;

- Making known to insured or claimants a policy of appealing from arbitration awards in favor of insureds or claimants for the purpose of compelling them to accept settlements of compromises less than the amount awarded in arbitration;

- Delaying the investigation or payment of claims by requiring that an insured or claimant, or the physician of either, submit a preliminary claim report and then requiring the subsequent submission of formal proof of loss forms, both of which submissions contain substantially the same information;

- Failing to settle claims promptly, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage; or

- Failing to provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

*Id*.

24. Mr. Vasquez identified his injury and loss as follows:

> Mr. Vasquez has suffered injury and loss of money, including *inter alia*:
>
> - He has been deprived of the policy's monthly benefits.
>
> - He has been deprived of the loss of earnings on the policy's benefits.
>
> - He has been deprived of the loss of opportunity on the policy's benefits.
>
> - He has suffered emotional distress and mental anguish.
>
> - He has had to incur attorneys' fees and costs.

*Id*.

25. Mr. Vasquez's written demand was sent to ALIC's headquarters and statutory home office by United States Post Service First Class Mail and United Parcel Service Second-Day Air.

26. On April 1, 2024, ALIC received and signed for Mr. Vasquez's written demand.

27. ALIC ignored and did not respond to Mr. Vasquez's written demand.

28. Mr. Vasquez submitted a demand for payment letter to ALIC

29. At no point has ALIC offered a justification for terminating Mr. Vasquez's benefits—where it found him to satisfy the definition of Total Disability for nearly four (4) years.

30. ALIC has not shown any efforts to conduct a reasonable investigation or to consider evidence aside from the FCE.

31. Mr. Vasquez's Complaint and claims therein are timely and not otherwise time barred.

## STATE LAW CLAIMS

**A.  First Cause of Action—Breach of Contract**

32. Mr. Vasquez realleges each of the paragraphs above as if fully set forth herein.

33. The insurance policy constitutes a written contract between Mr. Vasquez and ALIC whereby ALIC, in consideration of Mr. Vasquez's premium payments promised to pay the monthly disability benefits in the event Mr. Vasquez became disabled—as defined in the insurance policy.

34. ALIC breached the terms of the insurance policy by, among other things, terminating Mr. Vasquez's monthly disability benefits.

35. ALIC's actions, in breaching the insurance policy, were neither reasonable nor in good faith.

36. As a direct and proximate result of ALIC's breach of contract, Mr. Vasquez suffered actual damages including, but not limited to, being deprived the monthly disability benefits, unnecessary litigation expenses, and other damages.

37. Mr. Vasquez is entitled to a judgment against ALIC for: (i) all of his actual,

consequential, and incidental damages resulting from the breach of contract; (ii) interest; and (iii) all other legal and equitable relief necessary to make him whole.

38. Mr. Vasquez is also entitled to an award of prejudgment interest against ALIC.

**B. Second Cause of Action—Violation of M.G.L. c.93A and 176D**

39. Mr. Vasquez realleges each of the paragraphs above as if fully set forth herein.

40. At all times relevant hereto, ALIC was engaged in trade or commerce within the Commonwealth of Massachusetts.

41. ALIC has committed acts and followed practices with respect to its investigation and inquiry into Mr. Vasquez's claim for monthly disability benefits, which constitute unfair and deceptive acts and practices in the conduct of a trade or commerce as prohibited by M.G.L. c.93A.

42. ALIC has committed acts and followed practices with respect to Mr. Vasquez which constitute unfair and deceptive acts and practices in the conduct of trade or commerce as prohibited by M.G.L. c.93A §2 and §9, including *inter alia*:

- Failing to conduct a reasonable investigation into Mr. Vasquez's claim for the policy monthly benefits.

- Failing to ensure claims and appeals personnel receive appropriate training and education to make disability determinations.

- Failing to explain its change in position regarding Mr. Vasquez's ability to perform his "own occupation" or "any occupation."

- Failing to discuss or even address the opinions of Mr. Vasquez's treating physicians.

- Delaying any decision on Mr. Vasquez's appeal for six (6) months.

- Failing issue prompt payment.

- Failing to have reasonable settlement discussions.

- Placing its own financial interests ahead of Mr. Vasquez.

- Acting negligently with regard to Mr. Vasquez's claim for the policy monthly benefits.

43. ALIC has committed numerous unfair and deceptive acts and practices in the business of insurance against Mr. Vasquez, in violation of M.G.L. c.176D, §2 and §3, including *inter alia*:

- Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;

- Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

- Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

- Refusing to pay claims without conducting a reasonable investigation based upon all available information;

- Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;

- Failing to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;

- Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds;

- Attempting to settle a claim for less than the amount to which a reasonable man would have believed he was entitled by reference to written or printed advertising material accompanying or made part of an application;

- Attempting to settle claims on the basis of an application which was altered without notice to, or knowledge or consent of the insured;

- Making claims payments to insured or beneficiaries not accompanied by a statement setting forth the coverage under which payments are

being made;

- Making known to insured or claimants a policy of appealing from arbitration awards in favor of insureds or claimants for the purpose of compelling them to accept settlements of compromises less than the amount awarded in arbitration;

- Delaying the investigation or payment of claims by requiring that an insured or claimant, or the physician of either, submit a preliminary claim report and then requiring the subsequent submission of formal proof of loss forms, both of which submissions contain substantially the same information;

- Failing to settle claims promptly, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage; and/or

- Failing to provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

44. ALIC's violations of M.G.L. c. 176D also constitute violations M.G.L. c. 93A.[1]

45. ALIC materially violated M.G.L. c. 93A and 176D by its acts and omissions.

46. As a direct and proximate result of ALIC's acts and omissions, Mr. Vasquez has suffered actual damages including, but not limited to, losing his monthly disability benefits, unnecessary litigation expenses, mental anguish, and other damages.

47. Mr. Vasquez complied with the requirements of M.G.L. c. 93A §9 in providing a written demand for relief that: (i) identified the claimant; (ii) reasonably described the unfair or deceptive act or practice relied upon; and (iii) the injury suffered.

48. Mr. Vasquez ensured his written demand was mailed and delivered to ALIC and provided it the requisite thirty (30) days to response.

---

[1] *See e.g.. Rawan v. Cont'l Cas. Co.*, 136 N.E.3d 327, 335 (Mass. 2019) ("A violation of G. L. c. 176D amounts to an unfair or deceptive act or practice for purposes of claims made under G. L. c. 93A.").

49. ALIC never responded to Mr. Vasquez's written demand.

50. Mr. Vasquez is entitled to a judgment against ALIC for: (i) all of his actual, consequential, and incidental damages resulting from the breach of contract; (ii) his attorneys' fees and costs;[2] (iii) interest; and (iv) all other legal and equitable relief necessary to make her whole, including double or treble damages.[3]

51. Mr. Vasquez is also entitled to an award of prejudgment interest against ALIC.

### C. Third Cause of Action—Breach of Implied Covenant of Good Faith and Fair Dealing.

52. Mr. Vasquez realleges each of the paragraphs above as if fully set forth herein.

53. ALIC breached the implied covenant of good faith and fair dealing by failing to act in good faith when making determinations regarding Mr. Vasquez's claim for monthly disability benefits.

54. As a direct and proximate result of ALIC's acts and omissions, Mr. Vasquez has suffered actual damages including, but not limited to, losing his monthly disability benefits, unnecessary litigation expenses, mental anguish, and other damages.

55. Mr. Vasquez is entitled to a judgment against ALIC for: (i) all of his actual, consequential, and incidental damages resulting from the breach of contract; (ii) her attorneys' fees and costs; (iii) interest; and (iv) all other legal and equitable relief necessary to make her whole.

56. Mr. Vasquez is also entitled to an award of prejudgment interest against ALIC.

### PRAYER FOR RELIEF

**WHEREFORE**, Mr. Vasquez respectfully requests the Court grant him the following

---

[2] M.G.L. c.93A, §3A, §4, and §6.
[3] M.G.L. c.93A, 3A ("Said damages may include double or treble damages…").

relief:

57. Judgment against ALIC, and in his favor, as to each of his claims for all actual, consequential, and incidental damages caused by ALIC's conduct.

58. Punitive damages against ALIC.

59. His attorneys' fees and costs.

60. Pre-judgment interest.

61. Such other legal and equitable relief the Court deems just and proper.

62. Leave to amend the pleadings when and as necessary to afford full and complete relief, including deeming the pleadings to conform to the evidence.

63. A jury trial.

* * * * * * * *

Respectfully submitted,

/s/ *Ingrid A. Halstrom*

**Halstrom Law Offices**

Ingrid A. Halstrom, BBO# 694272
*ingrid.halstrom@halstrom.law*
132 Boylston Street, 5th Floor
Boston, Massachusetts 02116
p: 617.262.1060
f: 617.426.4791

**Grabhorn Law | Insured Rights®**

Michael D. Grabhorn, CLU ChFC[4]
(Ky Bar No. 89842)
*m.grabhorn@grabhornlaw.com*
Andrew M. Grabhorn[5]
(Ky Bar No. 96477)
*a.grabhorn@grabhornlaw.com*
2525 Nelson Miller Parkway, Suite 107
Louisville, Kentucky 40223
p: 502.244.9331
f: 502.244.9334

***Attorneys for Plaintiff***

---

[4] *Pro hac vice* motion forthcoming.
[5] *Id.*